JOHN M. NIOLON ET AL. *v.* HUGH McDONALD ET AL.

1. TRUSTEE. *Right to compensation.*

Without any express contract therefor, a trustee is entitled to compensation for executing the trust. The English rule to the contrary does not prevail in this state. *Shirley* v. *Shattuck,* 28 Miss., 13.

2. SAME. *Partial execution of trust. Compensation.*

Where, after condition broken, the trustee in a deed of trust to secure a debt, advertises the property for sale, he is entitled to compensation, although, the debt being paid, the sale does not take place; and if the trust-deed provides for payment out of the proceeds of the expenses of executing the trust, and payment of his compensation and expenses is refused by the grantor, the trustee may re-advertise and sell the property to pay the same.

FROM the chancery court of Lauderdale county.

HON. W. T. HOUSTON, Chancellor.

In May, 1885, John M. Niolon and wife executed a deed of trust, conveying certain property in the city of Meridian to secure the payment of their promissory note to Hugh McDonald for $1,737.50, due January 1, 1887. The trust-deed was in the usual form, and, after providing for a sale of the property, stipulated that out of the proceeds of said sale the trustee should pay the debt secured "and the expenses of executing this trust." Default was made in the

payment of the debt, and, the trustee named in the instrument having declined to serve, the beneficiary appointed G. Q. Hall trustee, and directed him to proceed to collect the debt. After unsuccessful efforts to collect otherwise, the said Hall, as trustee, advertised the property for sale, giving notice by posting and by publication in a newspaper. Before the day appointed for the sale, Niolon paid the greater part of the debt secured, and, at his request, the sale was not made, and further time was given to pay the balance due. Meantime, Hall paid the cost of advertising the sale. Subsequently, Niolon paid the balance due of principal and interest on the note, and the amount paid was duly credited, but he declined to pay twenty-five dollars, the compensation demanded by the trustee for his services, and the sum expended in advertising the property for sale. Thereupon, said trustee re-advertised the property for sale, reciting in the notice that the sale was to pay the balance due under and by virtue of the provisions of the trust-deed. Niolon and wife, and J. R. McWilliams, who had become owner of the property by purchase from them, filed this bill to enjoin the sale, and a temporary injunction was granted.

The bill avers, as a ground for enjoining the sale, that the principal and interest of the debt secured by the trust-deed had been paid; that the grantors had never expressly or impliedly promised to pay any compensation to the said trustee, or to pay any expenses incurred in advertising the property for sale; that the trust-deed does not provide for the payment of any expenses unless there should be a sale of the property.

The bill was answered by the defendants, Hall and McDonald, and a motion made to dissolve the injunction, which was sustained, and a decree entered dissolving the injunction, from which complainants appeal.

Many errors are assigned, among others, that the appointment of the substituted trustee was unauthorized and irregular; that the debt secured was barred, and that the notices

of sale were insufficient; but, as the opinion is confined to a single question, presented by the pleadings, it is unnecessary to state the case in any other aspect.

*L. B. Moody*, for appellants.

The deed of trust is the source and limit of the powers and duties of the trustee. *Clark* v. *Wilson*, 53 Miss., 119; *Bowman* v. *Roberts*, 58 *Ib.*, 126. By the terms of the instrument, the trustee is entitled to no compensation unless the property be sold to pay the debt secured. He was to be paid, if at all, out of the proceeds of the sale.

*Walker & Hall*, for appellees.

The trustee is entitled to compensation for his services, and to be re-imbursed for his expense money. This doctrine was once denied in England, but a different rule prevails in most, if not all, of the American states. The question of the value of the trustee's compensation is not involved here. Complainants rest their case upon the assumption that the trustee is entitled to nothing. The service rendered by the trustee and the expense incurred were proper steps in the proceeding to enforce the trust, and, by the terms of the trust-deed, became an enforcible charge upon the property. 43 N. W. Rep., 691; 47 *Ib.*, 1072; 25 Minn., 135.

COOPER, J., delivered the opinion of the court.

No issue was made by the pleading touching the validity of the appointment of Hall as substituted trustee, nor that the amount claimed by him for his services as trustee was excessive, the position taken by complainant being that the trustee was entitled to nothing for his services, because he did not in fact make the sale under the deed. We therefore decline to consider and decide upon these points.

The English rule that a trustee is not entitled to compensation for executing a trust unless provided for by the parties, has not been accepted in the United States generally, nor in

this state. On the contrary, it is settled in this state that he is entitled to reasonable compensation. *Shirley* v. *Shotwell*, 28 Miss., 13.

The trustee here had performed some service in the execution of the trust, and for this he was entitled to compensation. He had also paid out money for advertisement of the notices of sale in a newspaper, and since by the terms of the deed he was authorized to so advertise, clearly he was entitled to be repaid for this outlay.

*Decree affirmed.*