## RUFUS R. ELKIN ET AL. *v.* JOSEPH E. RIVES.

DEED OF TRUST.    *Sale under.*    *Trustee's compensation.*    *Attorney's fees.*

> If a deed of trust be enforced by the trustee making sale of the property, he is entitled to retain from the proceeds for his services only a reasonable compensation to himself as trustee, although the note evidencing the debt secured by the deed stipulates for the payment of an attorney's fee in case it be collected by an attorney and the trustee is an attorney and a member of a firm of attorneys to whom the payee intrusted the note for collection.

FROM the circuit court of Noxubee county.

HON GUION Q. HALL, Judge.

Elkin and another, appellants, were plaintiffs in the court below; Rives, appellee, was defendant there. From a judgment in defendant's favor, plaintiff's appealed to the supreme court. In 1900, appellants borrowed $1,000 from one Cooper, and, to secure same, gave a deed of trust on some property. They also gave their note payable in one year from date. The note provided that "if not paid at maturity and collected by an attorney, or by legal proceedings an additional sum of ten per cent on the amount of this note shall be paid as attorney's fee." Appellee, Rives, who is an attorney, was trustee in the deed of trust given by appellants. The note was not paid when due, and Cooper placed it in the hands of Rives & Brooks, attorneys, for collection. Rives, the trustee, was a member of this firm. The money not being paid on request of these attorneys, Rives, as trustee, advertised the property for sale, and it was sold under the trust deed to pay this note. He retained the ten per centum provided for in the note as attorney's fee for its collection, making no charge as trustee. The sale produced more than sufficient funds to pay the note. Appellants brought

this suit to recover of appellee the sum thus retained. A peremptory charge was given for defendant in the court below.

*Gulley & Kennedy,* for appellants.

It has been settled long ago that if a trustee is also an attorney for the *cestui que* trust, he can make no charges against the trust estate for any service rendered in a professional capacity. This rule is so strict that even if the trustee has a partner, he cannot claim compensation. 1 Perry on Trusts (3d ed.), sec. 432, and authorities.

26 Am. & Eng. Law (1st ed.), 877, 878, shows that the principle which governs the conduct and fixes the responsibility of trustees generally, apply with full force to trustees with power to sell for the payment of debts.

In Alabama it has been decided: "Where a mortgage containing a power of sale stipulates that the proceeds of sale shall be applied, first, to paying the expenses; and all attorney's or solicitor's fees, and the notes secured by the mortgage provided that, in case they are not paid at maturity, the mortgagor shall pay not less than ten per cent for collecting them, the mortgagee cannot retain ten per cent out of the proceeds of the sale under the power, but is entitled to a reasonable attorney's fee only, since the stipulations in the notes and the mortgage in relation to attorney's fees are independent, and applicable to different contingencies — one to the sale under the mortgage, the other to collection of the notes by suit," and the decision is on all fours with the case at bar, with the exception that in the Alabama case, the mortgage itself also had a provision for attorney's fees, while in the case at bar, there is no provision in the trust deed for attorneys' fees. *Tompkins* v. *Drennan,* 10 So. Rep., 638.

Many cases hold that where a trustee needs the advice or assistance of an attorney in his work as trustee, he will be allowed a reasonable sum for attorneys fees. These cases do

not touch the question now before the court. If the appellee as trustee had needed an attorney in performing his duties as trustee, the fee for such service would have been a legitimate charge against the appellants, but in the case at bar no such services of an attorney were needed and none rendered.

*J. E. Rives, pro se.*

There can be no question that the note was put in the hands of Rives & Brooks, attorneys at law, for collection. That fact is testified to by appellee, and not denied by appellant; and as attorneys, they had the right to enforce the payment of that note and trust deed either by having the trustee foreclose the same *in pais,* or by filing bill in the chancery court. The fact that they took the shorter course which was of less expense to the appellants in this case would give them no good ground for complaint. That a stipulation in a note and trust deed for an attorney's fee is valid has been heretofore well settled by this honorable court in the cases of *Duggan* v. *Champlin,* 75 Miss., 441; *Brahan* v. *Bank,* 72 Miss., 266; *Millsaps* v. *Chapman,* 76 Miss., 942.

WHITFIELD, C. J., delivered the opinion of the court.

In those cases in which a dry, naked trustee has been allowed attorneys fees for services, such as *Lowries appeal,* 1 Grant, Cas. 373, and *Babcock* v. *Hubbard,* 56 Conn., 284, 15 Atl. 791, the professional services have usually been rendered in litigating cases or in conducting suits. In both the cases referred to, the trustee had been employed as attorney before he acted as trustee, and was a mere holder of legal title. In all the other cases that we have been able to find, trustees have been denied compensation for professional services. See Underwood & Hill on Trusts & Trustees, p. 317, note 1, and the authorities cited at the foot of p. 318. Ordinarily what takes place in execution of the power of sale by the trustee *in pais* would not require anything more than action by the trustee as such.

True, suit might be brought to foreclose in chancery. The personal liability on the note might also be enforced by suit. But as well stated in *Thompkins* v. *Drennan* (Ala.), 10 South., 638, "there is an independent field of operation" in the exercise of the power of sale, and in the exercise of the right to sue on the note. Looking at what was done here, we think the appellee should be limited to reasonable compensation as a trustee.

*Reversed and remanded.*