HENRY T. TUBBERVILLE v. HENRY F. SIMPSON.

[47 South. 784.]

1. CHATTEL MORTGAGES. *Promissory note. Attorney's fees. Purchaser of encumbered chattels.*

Where a promissory note, stipulating for the payment of an additional sum as an attorney's fee in case of its being placed in the hands of an attorney for collection, was secured by a recorded chattel mortgage, a purchaser of the chattels from the mortgagors. acquires them subject to a lien securing the attorney's fee as well as the original fee, although the recitals of the mortgage descriptive of the note do not mention any promise to pay an attorney's. fee.

2. DEEDS OF TRUST. *Trustee's fees. Attorney's fees.*

Where a note promising to pay an attorney's fee in case it is placed' in the hands of an attorney for collection is secured by a deed of trust, it is proper to charge a fee on sums collected by an attorney before sale under the deed and on sums collected by him after litigation, but not on sums collected by the sole efforts of the trustee, to whom trustee's charges were paid, although turned over to the attorney.

FROM the circuit court of Marshall county.

HON. WILLIAM A. ROANE, Judge.

Simpson, the appellee, was plaintiff in the court below; Tubberville, appellant, was defendant there. From a judgment in plaintiff's favor the defendant appealed to the supreme court. The opinion of the court states the facts.

*Smith & Totten,* for appellant.

One of the instructions, granted in behalf of the appellee, instructed the jury peremptorily to find for appellee as to the balance of principal due and as to interest and as to attorney's fees called for in the notes in evidence. This instruction was erroneous, because the provision in the notes for attorney's fees is not set forth in the recorded deed of trust. The language

of this recorded instrument, with regard to appropriation of proceeds after foreclosure, reads as follows: "The proceeds of sale shall be applied, first, to the expenses of executing this trust, including the cost of seizing and caring for said property and preparing it for sale; next, to the discharge of any indebtedness which may be due and owing to said third party (*cestui que trust*); and the surplus over shall be paid to the party of the first part (mortgagor) or his assigns." Certainly Tubberville, as purchaser, could have no notice, from the mere record of this instrument, that there was any indebtedness due or to become due to the mortgagee on account of attorney's fees. There is a conflict between the provisions of the notes and the provisions of the deed of trust as to attorney's fees, since the notes provided for attorney's fees and the deed of trust did not upon its face. And therefore the provisions of the deed of trust must govern in preference to the provisions of the notes, as regards an innocent third party like appellee. *Thompkins v. Drenning,* 95 Ala. 463; 28 Am. & Eng. Ency. Law (2d ed.), 831.

Certainly it was not within the comtemplation of the mortgagor to incur both attorney's fees and trustee's fees in the foreclosure of the deed of trust. We do not mean to say that, in a proper case, attorney's fees may not be allowed in addition to a trustee's compensation. But certainly, as a general rule, provisions as to attorney's fees in contractual matters must be most strictly construed, and in cases of doubt must be resolved in favor of the debtor. *Elkin v. Rives,* 82 Miss. 744, 35 South. 200.

*S. A. Morrison,* for appellee.

The deed of trust, of record, gave constructive notice to appellant of its existence, and, inasmuch as it contained reference to the notes, put the appellant, as purchaser of the incumbered property, upon inquiry as to the terms and provisions of the notes. Furthermore, Tubberville, the appellant, had seen all of

the papers before he bought the incumbered property, and hence cannot claim that he was a *bona fide* purchaser without notice.

That attorney's fees, called for in promissory notes, may be collected in due course from the property securing the principal and interest of the notes can hardly now be questioned in the light of our numerous decisions on the subject. *Meacham v. Pinson,* 60 Miss. 217; *Eyrich v. Bank,* 67 Miss. 60, 6 South. 615; *Brahan v. Bank,* 72 Miss. 266, 16 South. 203.

It will be noted that the attorney's fees were for payment of arduous duties performed by reputable attorneys.

FLETCHER, J., delivered the opinion of the court.

On November 16, 1905, one J. F. Milam, being indebted to Shelley Guy in the sum of $1,675, executed three promissory notes, payable at intervals, aggregating the amount of the indebtedness, each of which notes provided that, "if this note is placed in the hands of an attorney for collection, the makers and indorsers hereof agree to pay the holder thereof an attorney's fee of ten per cent. upon the amount due." To secure these notes Milam executed a deed of trust on ten mules, a log wagon, and certain implements used in hauling logs. This trust deed does not recite in so many words that the notes provide for the payment of attorney's fees, but it does contain the usual provision as to expenses of executing the trust and the cost of seizing and caring for the property and preparing it for sale. Default was made in the payment of the notes, and they were placed in the hands of an attorney for collection. About the time or a little after the second note became due Milam sold to Tubberville four of the mules, the wagon and certain of the appliances, all embraced in the deed of trust. The trust deed having been promptly recorded, Tubberville had constructive notice of its existence, and seems also to have had actual notice that the property was incumbered. We cannot tell from this record whether Tubberville actually knew of the provision in the notes as to attorney's fees, but he did know that the notes were

in the attorney's hands for collection.   Milam paid $250 on
the debt, and Tubberville $600; the latter sum being paid to the
attorney, who deducted ten per cent. for collection and credited
the notes with the balance.   Subsequently Simpson, the trustee,
took charge of and sold at public sale the mules covered by the
trust deed, but not sold to Tubberville, and derived the sum of
$925 from this sale.   From this sum there were deducted trus-
tee's expenses and commissions, the sum of $100, which Guy
had been forced to pay to discharge a superior lien (this right
being conferred by the trust deed), and ten per cent. attorney's
fees, amounting to $92.   These payments not being sufficient
to discharge the indebtedness, the trustee attempted to take
charge of the property held by Tubberville, and, meeting with
resistence, instituted this action of replevin to secure possession
of the property.   On this trial the court charged the jury to
find for the plaintiff in such sum as might be found due, allow-
ing plaintiff the attorney's fees that had been retained.   The
only real controversy is over this question of attorney's fees;
the question of trustee's charges, expenses, and commissions
having been settled by the jury on proper instructions.

It is urged that Tubberville, the purchaser, should not be
charged with the payment of attorney's fees, because the trust
deed did not contain any reference to such fees, and the record
did not, therefore, impart notice of this phase of the contract.
It might be a sufficient answer to this contention to say that Tub-
berville has not affirmatively shown that he was a *bona fide* pur-
chaser without notice.   He testified in the case, admitted that
he knew the property was under mortgage, and disclosed noth-
ing as to the source of his information.   It might well have
been true that he derived his information from Milam, who gave
full particulars of the contract.   But, aside from this, we think
it the safer view that the trust deed, containing a reference to
the notes, puts a purchaser upon inquiry as to the contents of
the notes, especially in regard to so usual a provision as the pay-
ment of attorney's fees.   We think the case falls within the

principles, though not within the facts, of *Witczinski et al. v. Everman,* 51 Miss. 841.

The other contention deals with the propriety of allowing both trustee's charges and attorney's fees. In regard to the $600 collected by the attorney before the sale of any of the property, this sum was not diminished by trustee's expenses or commissions, and, having been collected through the efforts of the attorney, the allowance of the fee was obviously correct. Coming, now, to the other amount awarded by the jury in this suit, it is clear that the attorney's fees should have been allowed thereon, since the sum was collected only after a stubborn litigation, in which the services of an attorney were indispensable. But in the case of the money derived from the sale of certain property by the trustee, in which the sum of $925 was realized, a different question is presented. There was no litigation in regard to this sale, and the sum collected was due entirely to the efforts of the trustee, as to which the attorney had nothing to do, except to give general directions to the trustee to seize and sell the property. Manifestly the attorney and the trustee each had his own peculiar functions to perform. Each occupied a separate and somewhat distinct field of operations. Each should be compensated for such services as he renders within his own peculiar sphere, but justice will not permit the attorney to retain fees from money collected by the trustee as the fruits of a sale made by the trustee and which has already been charged with the payments of all reasonable trustee's charges. Stipulations for the payment of attorney's fees must be construed strictly in favor of the debtor; and, so construing this contract, we cannot approve the allowance of this item. This conclusion is clearly foreshadowed in the case of *Elkin v. Rives,* 82 Miss. 744, 35 South. 200, approving the Alabama case of *Thompkins v. Drennan,* 10 South. 638, in which the distinct functions of attorney and trustee are clearly defined.

The verdict of the jury under the instructions of the court manifestly allowed the $92 item claimed by the attorney, and

to this extent the judgment is erroneous. If appellee will remit that amount here, the judgment will be affirmed; otherwise, it is reversed and the cause remanded.

*Error.*