A. W. TEDCASTLE CO. *v.* GARFINKEL.[*]

(Division A.   Oct. 24, 1927.)

[114 So. 326.   No. 26620.]

USURY. *Provision for interest, with collection costs, including attorney's fee, held not absolute promise to pay attorney's fee as affecting usurious nature (Hemingway's Code 1927, section 2223).*

   Provision of note for interest at specified rate, with all costs of collection, including ten per cent. attorney's fees, *held* not an absolute promise to pay ten per cent. of amount of note in addition to interest, in violation of Code 1906, section 2678 (Hemingway's Code 1927, section 2223), forbidding interest in excess of twenty per cent., but such attorney's fee is included in costs of collection, liability for which arises only after it has been properly incurred in collection.

*Corpus Juris-Cyc. References: Usury, 39Cyc, p. 986, n. 94. As to whether stipulation in note for payment of attorney's fee in case of action to collect note, see annotation in L. R. A. 1915B, 944; 27 R. C. L. 233.

Appeal from circuit court of Bolivar county, Second district.

Hon. W. A. Alcorn, Jr., Judge.

Action by A. W. Tedcastle Company against H. Garfinkel. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

*Somerville & Somerville,* for appellant.

We submit that the court should not and will not go out of its way to construe this contract as having an intention to violate any of the laws of this state. We submit that the courts always construe all instruments as having an intention to comply with the law, if such a construction is as easily deducible from the words used as would be the contrary. Consider *Hutson* v. *Rankin,* 213 Pac. 345; *Nicely* v. *Winnebago Nat'l Bank,* 18 Ind. App. 30, 47 N. E. 476; *Proctor* v. *Baldwin,* on rehearing, 82 Ind. 370 at 378, 379; *First Nat'l Bank* v. *Miller,* 139 Wis. 126, 120 N. W. 820, 131 A. S. R., 1040.

It was objected in the court below that the notes in this suit was usurious because the holder might collect a ten per cent attorney's fee even though the holder had not employed an attorney to collect the debt and even though the note had not been placed in the hands of any attorney for collection. This argument is fully answered by the supreme court of Missouri in *American Savings Bank* v. *Sutton,* 204 S. W. 572.

That all expenses of collection including attorney's fee can be legitimately provided for in a promissory note and not make the contract usurious seems to be conceded by all of the authorities. The only question about the attorney's fee seems to be whether the provision is inserted in the note in good faith or whether it is merely put there as a cloak to cover usury. 27 R. C. L., page 233, section 34; *Williams et al.* v. *Flowers* (Ala.), 7 S. R. 439; *Luzenburg et al.* v. *Bexar B. & L. Ass'n* (Tex.), 29 S. W. 237; *Meacham & Co.* v. *Pinson,* 60 Miss. 217;

*Bank* v. *Brittam,* 92 Miss. 545, 46 S. R. 163. This court has also upheld the right to attorney's fees in *Erick* v. *Capital State Bank,* 67 Miss. 60; *Braham* v. *Bank,* 72 Miss. 266; *Parks* v. *Granger,* 51 So. 716. See, also, *Burt et al.* v. *Brashers,* 79 So. 182; *Morgan* v. *King,* 91 So. 30; *Byrd et al.* v. *Link-Newcomb M. & L. Co.,* 79 So. 101; *Doyle* v. *Herzog & Bros. D. G. Co.,* 75 So. 760.

This case should be reversed and the appellant given a judgment.

*Shands, Elmore & Causey,* for appellee.

It will be noted that the note contains an absolute promise to pay ten per cent of the amount of the note, and is not based upon any default in the payment at maturity, but provides for this payment in any contingency.

In the case at bar, as in *Burt* v. *Brashers,* 118 Miss. 340, certain things are stipulated; and these being stipulated, evidence cannot be introduced when the creditor is confronted with a plea of usury to show that he did not mean what he said.

By way of excuse for this usurious provision in the note, counsel seemed to set up that the creditor was clearly not familiar with the Mississippi law, as he stipulated for a waiver of homestead exemption, etc. This kind of ignorance cannot affect the case. Our court discusses this claimed ignorance, when the defense is set up, in *Hebron Bank* v. *Gambrell,* 116 Miss. 343, at 348.

In order to make a note usurious it is not necessary that the excessive remuneration for the use of the money shall be stipulated for as interest *eo nomine.* We wish to call the court's attention in this connection to *Brown et al.* v. *West,* 80 Miss. 764, wherein the court held that a note providing for a maximum rate of interest and in addition thereto providing that the borrower should ship a large number of bales of cotton to the lendor, a cotton factory, for sale or pay one dollar and twenty-

five cents per bale for each bale of the deficit, justified an adjudication that such contract was usurious. In this same connection we wish to call the court's attention to a splendid discussion in *Miller* v. *Life Ins. Co. of Va.,* 24 S. E. 484.

As above stated, under a literal interpretation of the language, the appellee here was made to contract for more than ten per cent per annum to be paid by him as compensation for the forbearance of this indebtedness. Appellant, himself, so construes the contract, as is shown by the language of the declaration hereinabove quoted. In addition to this there is no allegation in the declaration that the note was placed in the hands of an attorney for collection, nor any allegation that any cost of collection had accrued, and that therefore they were entitled to the ten per cent. They do not bottom their right to recover the ten per cent upon any of these things which they undertake to set up for the first time in their brief, and which are not supported by their pleading.

In each of the Mississippi cases cited by counsel upholding the provision for attorney's fees, there appears either the provision that attorney's fees shall be paid, if the note is not paid when due, or the provision for the payment of attorney's fees if the note is placed in the hands of an attorney for collection.

We note the excerpt from *Byrd et al.* v. *Kink-Newcomb M. & L. Co.,* 79 So. 101. We understand that this statute is to be strictly construed; but we do not understand the court to hold that if the language stipulates for usury, the court would fail to enforce the statute because a hardship might be worked on the creditor.

SMITH, C. J., delivered the opinion of the court.

The appellant sued the appellee on two promissory notes, each for two hundred sixteen dollars and sixty-three cents, executed on May 19, 1924, one maturing November 1st, and the other, November 15th, after date.

Both notes recite that they are "payable at Bank of Commerce, with interest from maturity, at the rate of eight per cent. per annum, with all costs of collection, including ten per cent. attorney's fees."

On motion of the appellee, the court below excluded the evidence for the appellant and directed the jury to return a verdict for the appellee, the ground of the motion being that the notes each provided for a rate of interest greater than twenty per cent. per annum, in violation of section 2678, Code 1906 (section 2223, Hemingway's Code 1927).

The contention of the appellee in support of the ruling of the court below is "that the note contains an absolute promise to pay ten per cent. of the amount of the note, and is not based upon any default in the payment at maturity, but provides for this payment in any contingency."

The promise is not to pay two hundred sixteen dollars and sixty-three cents, "including ten per cent attorney's fees," but is to pay two hundred sixteen dollars and sixty-three cents, "with all costs of collection, including ten per cent. attorney's fees." The attorney's fee is included in the "costs of collection," and the maker of the notes will be liable therefor when, and not until, an attorney's fee has been properly incurred by the holder of the notes in collecting them.

*Reversed and remanded.*