538 So.2d 427 (1989)
KAISER INVESTMENTS, INC.
v.
Howard Q. DAVIS, Jr., as Trustee and Agent for Virginia Bob Mahaffey, Arthur Owen Ringold, Powell D. Mahaffey, Jr., Arthur J. Mahaffey, Barbara Ann Mahaffey Bell, Arthur Owen Ringold, Jr. and Cynthia Louise Ringold.
No. 59089.
Supreme Court of Mississippi.
January 18, 1989.
Rehearing Denied February 22, 1989.
James E. Upshaw, F. Ewin Henson, III, Upshaw, Williams, Biggers, Page & Kruger, Greenwood, for appellant.
Randolph Noble, Jr., Robertshaw, Terney, Noble & Smith, Greenville, for appellees.
Before ROY NOBLE LEE, C.J., and ROBERTSON and ANDERSON, JJ.
ROBERTSON, Justice, for the Court:

I.
This case concerns the legality of a fee sought to be charged by the trustee in a land deed of trust, but who is also an attorney, incident to a foreclosure which was commenced but never consummated. We hold that fees may be allowed only as provided by the contract documents. Because the Court below failed to respect this premise, we reverse and remand.

II.
Kaiser Investments, Inc., a Mississippi corporation, is the owner of approximately 1410 acres of land situated in Sunflower County, Mississippi, by warranty deed of August 19, 1980. At the time of its acquisition of this land, Kaiser assumed all obligations under an outstanding promissory note held by Virginia Bob Mahaffey, Arthur Owen Ringold, Powell D. Mahaffey, Jr., Arthur J. Mahaffey, Barbara Ann Mahaffey Bell, Arthur Owen Ringold, Jr. and Cynthia Louise Ringold. The note provided *428 for $70,000.00 payments each year on January 6 with a final balloon payment on the tenth anniversary of the note, January 6, 1988. In language the importance of which will presently appear, the promissory note reads:
In the event of failure to pay this note or any installment thereof at maturity, or when it becomes due and exigible under any of the provisions hereof or otherwise, and of the same being placed in the hands of an attorney at law for collection, the maker, endorser, and sureties agree to pay, in addition to principal and interest, reasonable attorney's fees.
Performance of all obligations under the promissory note was secured by a deed of trust under which title to the property was held by Howard Q. Davis, Jr., as Trustee for the Mahaffeys and Ringolds. The deed of trust contains the following provision of consequence here:
Out of the proceeds arising from said sale, the costs and expenses of executing the Deed of Trust, including a ten (10%) percent trustee's fee, which is hereby agreed to be a reasonable trustee's fee, and the attorney's fee prescribed in said note or notes shall first be paid, next the amount of said indebtedness then remaining unpaid shall be paid....
On January 4, 1988, two days before the balloon payment was due, an employee of Kaiser's management company called Davis to ask if Kaiser could wire the money, rather than get certified funds. Davis agreed, and mentioned that the amount due was approximately $578,000.00, which "surprised" the employee, who "thought it was another $70,000.00 or in that range." That same day Alton Turnipseed, attorney and Vice President for Kaiser, called Davis to tell him the funds were not currently available, but ultimately would be.
After the January 4 phone conversation, Davis sent a letter to Turnipseed enclosing a copy of the amortization schedule and relevant documents, with the following closing paragraph:
If payment is not timely received or if you cannot inform me that payment is on the way sufficient to be here not later than noon, Friday, January 8th, 1988, this note will be declared in default, and we will begin efforts to insure collection which will also cause attorneys fees to accrue in accordance with the terms of the note.
The letter did not reach Kaiser until Friday noon on January 8th, 1988.
Kaiser did not make the balloon note payment on or before January 6, 1988. On January 11, 1988, Trustee Davis began foreclosure proceedings.
On January 15, 1988, Kaiser tendered to Davis the sum of $579,144.87 representing the full amount of principal and interest due and owing through that date. Davis returned the check forthwith and advised Kaiser that
Payment cannot be accepted at this time in the amount tendered, because foreclosure has been commenced, and the amount tendered does not include any trustee's fee or attorney's fees as provided by the note and deed of trust. We had informed you that if payment was not made by noon, January 8th, that at least 5% would be added for trustee and attorneys fees. We notified Tommie [Williams, an attorney representing Kaiser] that the deed of trust provided for 10% trustee's fee plus reasonable attorneys fees. We informed you today that we would settle for 5% attorneys/trustee fees, and we will keep that offer open until January 20th at which time they will go to 10%, and if sale is held on the 8th, 15%.
On January 21, 1988, Kaiser commenced this civil action by filing its complaint in the Chancery Court of Sunflower County, Mississippi. At the same time Kaiser tendered into the registry of the Court the sum of $579,144.87. Kaiser sought to enjoin the pending foreclosure. The central issue below and here was the amount of the fee to which Davis was entitled in his capacity as trustee and as attorney for the Mahaffeys and the Ringolds. Between January 6, 1988, the date the balloon payment was due, and January 15, 1988, the date Kaiser first tendered full payment of principal and interest, Davis examined the *429 title, prepared foreclosure papers, delivered notice of foreclosure to the newspaper, and served notice upon all interested parties. When asked how much time this took, Davis answered, "I would say in excess of twenty [hours], but I wouldn't know exactly how many." The Court below held the matter controlled by the ten percent (10%) provision in the deed of trust and allowed Davis a fee of $58,217.21.
Kaiser now appeals to this Court. Pending appeal, and upon Kaiser's payment into the registry of the Court of a sum equal to 125 percent of the fee allowed, the Chancery Court has stayed foreclosure.

III.
Where an obligor on a promissory note secured by a land deed of trust defaults in its obligations and foreclosure proceedings are begun, the obligor may become liable for trustee's fees and attorney's fees. The measure of each of these fees is the obligor's contractual undertaking. Parties to such secured transactions may ordinarily contract as they wish with regard to trustee's fees and attorney's fees. Mississippi Hill & Delta Savings & Loan Association v. The Valley Bank, 392 So.2d 1126, 1129 (Miss. 1981). Courts will refuse to enforce such contractual undertakings only upon grounds which would require avoidance generally, e.g., fraud or duress.
Where an obligation, secured by a land deed of trust, falls into default and foreclosure proceedings are begun, the obligor has by law a pre-foreclosure right of redemption. Cf. Crystal v. Duffy, 493 So.2d 942, 944 (Miss. 1986). To obtain reinstatement of the obligation and to avoid foreclosure, the obligor must before the sale pay all sums due including "all accrued costs, attorneys' fees and trustees' fees." Miss. Code Ann. § 89-1-59 (Supp. 1988). Those fees shall be measured by the terms of the note and deed of trust.
Our law empowers parties to agree in advance that either attorneys fees or trustee's fee, or both, may be measured by a fixed percentage of the outstanding indebtedness. See, e.g., Chaney v. General Motors Acceptance Corp., 349 So.2d 519, 522 (Miss. 1977); Powell v. Sowell, 245 Miss. 53, 63, 145 So.2d 168, 172 (1962); Brahan v. First National Bank of Clarksville, 72 Miss. 266, 268, 16 So. 203, 204 (1894). Where the instrument provides merely for a "reasonable" fee, the matter becomes one of proof generally requiring expert opinion testimony regarding what would be a reasonable fee under the circumstances. See Key Constructors, Inc. v. H & M Gas Company, 537 So.2d 1318, 1325 (Miss. 1989); Sanford v. Jackson Mall Shopping Center Co., 516 So.2d 227, 230 (Miss. 1987); Lovett v. E.L. Garner, Inc., 511 So.2d 1346, 1354 (Miss. 1987). Nothing said here questions any of these premises.
We are concerned here with both a trustee's fee and an attorney's fee. Trustees and attorneys perform separate functions. "Each should be compensated for such services as he renders within his own peculiar sphere, ..." Tubberville v. Simpson, 94 Miss. 154, 158, 47 So. 784, 785 (1908). As a matter of common practice, the person designated as trustee in a land deed of trust is often an attorney. Where an individual acts as trustee and as attorney in connection with the collection of an outstanding indebtedness and the foreclosure of a deed of trust, recovery may be had of both trustee's fees and attorney's fees, provided, obviously, that there can be no double dipping. Tubberville v. Simpson, 94 Miss. at 158, 47 So. at 785. More specifically, subject to the language of the contract documents, the holder of an obligation may recover fees of the reasonable and necessary services of another rendered as trustee and, in addition, fees for reasonable and necessary services rendered by that individual as attorney, and those sums may be added to the obligation secured by the deed of trust; provided, only, that separate attorney's and trustee's fees may not be recovered for the same acts performed by an individual who is both trustee and attorney.
Focusing upon the contract language before us, we find a ten percent (10%) trustee's fee provided in the deed of trust. Careful attention to the language of *430 the deed of trust, however, makes clear that the ten percent fee applies only where there has been a completed foreclosure sale. Cf. Carl v. Craft, 258 So.2d 237, 240 (Miss. 1972). To repeat the operative language:
Out of the proceeds arising from said sale, the costs and expenses of executing the Deed of Trust, including a ten (10%) percent trustee's fee, which is hereby agreed to be a reasonable trustee's fee ...
Here there has been no sale and, hence, no proceeds. The full ten percent fee has not been earned.
Where the trustee has commenced but not consummated foreclosure, we regard the best reading of the deed of trust one which authorizes assessment and collection of a reasonable trustee's fee, with reasonableness being determined by reference to the totality of the circumstances. See Niolon v. McDonald, 71 Miss. 337, 339-40, 13 So. 870, 871 (1893). The Chancery Court erred when it construed the ten percent language to fix and control the trustee's fee in the event of an aborted foreclosure.
The ten percent fee awarded below may not be sustained as an attorney's fee either. The promissory note held by the Mahaffeys and the Ringolds contains no fixed percentage attorneys fee but rather provided for "reasonable attorneys fee". The language of the note in no way requires a completed foreclosure before the fee may be assessed. That language contemplates that the fee will be incurred upon default and upon the note "being placed in the hand of an attorney at law for collection." This condition occurred. The deed of trust provided that the land stand as security for any such reasonable attorney's fee.
In sum, because there was a default, the Mahaffeys and the Ringolds had the right to place the note in the hands of an attorney for collection and to commence foreclosure proceedings. Because foreclosure proceedings were commenced, though not consummated, they are entitled to recovery of a trustee's fee. The amount of that fee shall be fixed by the Chancery Court by reference to what is reasonable under the circumstances, having in mind the time, trouble and expense incurred by the parties and the trustee, and, as well, fees customarily charged for such services. In addition, the Mahaffeys and the Ringolds may recover an attorney's fee, subject to the double dipping prohibition noted above. Here reasonableness shall be fixed by reference to the standards afforded in our Code of Professional Conduct wherein we find it provided in Rule 1.5
(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) The fee customarily charged in the locality for similar legal services;
(4) The amount involved and the results obtained;
(5) The time limitations imposed by the client or by the circumstances;
(6) The nature and length of the professional relationship with the client;
(7) The experience, reputation and ability of the lawyer or lawyers performing the services; and
(8) Whether the fee is fixed or contingent.
See Jack Cole  Dixie Highway Co. v. Red Ball Motor Freight, 254 So.2d 734, 741 (Miss. 1971); Koehring Company v. Hyde Construction Company, 236 So.2d 377, 385 (Miss. 1970).
The judgment below is reversed and this case is remanded to the Chancery Court for further proceedings not inconsistent with this opinion. On remand, the Court is directed to identify and isolate the services Davis provided in his capacity as attorney from those services he performed in his capacity as trustee. A reasonable fee should then be fixed for each such service *431 reasonably and necessarily rendered. Doubts regarding the capacity in which Davis acts in the performance of a particular act or service shall be resolved in favor of regarding as trustee and not as attorney. See Elkin v. Rives, 82 Miss. 744, 35 So. 200 (1903). The amounts should then be aggregated and added to the monetary sums due under the promissory note, payment of which may be required as a condition for permanent pretermission of foreclosure.
REVERSED AND REMANDED
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.
PITTMAN, J., not participating.