## PRINGLE *v.* STATE.

[67 South. 455.]

1. WITNESS. *Cross-examination. Criminal law. Evidence. Confessions. Preliminary proof. Incriminatory letter. Evidence wrongfully obtained. Judges. Qualifications. Right to object.*

Where a defendant, on cross-examination of a state witness, asked him if he had not been drinking a good deal on the day he testified, and on receiving a negative answer, further asked him if he was ·not pretty nearly drunk right now, which question was· resented by the witness, but not answered, and on being repeated was answered in the negative, and thereupon the court refused to allow the defendant to pursue the subject further, the defendant was not prejudiced by such refusal by the court.

2. CRIMINAL LAW. *Evidence. Confessions. Preliminary proof.*

While it is safer for the trial judge to ascertain that confession obtained from prisoners were made without hope of reward, or fear of punishment, as a condition precedent to the admission of the testimony, yet where it is manifest that the witness has told all that was said and all that occurred, and his testimony shows that the confession of the accused was free and voluntary, there is no reason to reject the evidence because the precise formula was not observed in advance of the admission of the evidence.

3. CRIMINAL LAW. *Evidence wrongfully obtained. Incriminatory letter.*

Evidence against one accused of crime is not inadmissible because it has been wrongfully obtained and an incriminating letter wrongfully obtained by a constable searching the body of a prisoner is not inadmissible on that account.

4. CRIMINAL LAW. *Evidence. Confession.*

A "confession" is a voluntary statement of the accused acknowledging that he is guilty of the crime charged. It is a voluntary declaration of his agency or participation in the crime. ·When a person charged with crime only admits certain facts from which guilt may be inferred, this will not amount to a confession,

5. JUDGES. *Qualifications. Right to object.*

The qualifications of a trial judge cannot be raised by the defendant, where ·the judge is either a *de facto* or a *de jure* judge.

ON SUGGESTION OF ERROR.

CRIMINAL LAW.  *Instructions.  Omission.*

   The giving of an inaccurate or incomplete statement of the law in
   a single instruction, will not be regarded as prejudicial to the
   defendant when it appears that the other instructions, read in
   connection with the inaccurate or incomplete instruction, fairly
   state the law of the case.

2.  SAME.

   Under the law in Mississippi the trial judge cannot, of his own
   motion, give any instruction where it has not been asked.

APPEAL from the circuit court of Lauderdale county.
HON. J. L. BUCKLEY, Judge.

.W. B. Pringle was, convicted of murder and appeals.

The evidence upon which appellant was convicted is entirely circumstantial. It was the theory of the state that robbery was the motive of the crime, as the evidence showed that the deceased was robbed of some money.

The sixth assignment of error, referred to in the opinion of the court, is based upon the overruling of the defendant's motion to exclude the testimony of witness Culpepper, with reference to certain statements made by the defendant at the time the note signed "W. B. P." was taken off defendant's person by Culpepper, who was an officer, and who testified that he had learned that the defendant had given two or three other parties money, and that he had told defendant that he knew of this, and that defendant admitted that he only had a small sum of money prior to the time of the killing, considerably less than the amount he had given away subsequent to the killing; that he had admitted that he had had some other money, and attempted to account for it in two or three different ways.

*W. L. Scott* and *C. B. Cameron,* for appellant.

· *Ross A. Collins,* Attorney-General, for the state.

Cook, J., delivered the opinion of the court.

Appellant was indicted, tried, and convicted for the murder of Caroline Watts.

Appellant contends that he was convicted entirely upon circumstantial evidence, and that many errors were committed by the trial court during the progress of his trial. The record establishes the contention that the case of the state rests upon circumstantial evidence alone.

The case made by the evidence is a strong one against the defendant, and, if no errors were committed, the verdict of the jury must stand.

We will take up and consider the assignment of errors in the order presented by the briefs of appellant:

"The first assignment of error is based upon the refusal of the trial court to permit the appellant, through his attorneys, to show on cross-examination of the witness Sam Culpepper, a witness for the state, that said witness was drunk or under the influence of intoxicating drink, at the time he testified in this case in the court below."

It appears that this assignment is based on the action of the court in sustaining an objection to questions propounded to the witness while he was on the stand. He was asked if he had not been drinking a good deal during the day, and he answered that he had not. He was then asked if he was not "pretty nearly drunk right now." This question was resented by the witness, but not answered. The question was repeated, and answered in the negative. The district attorney then objected to the questions, and his objection was sustained by the court.

The judge and jury had the witness under observation, and the questions directed the attention of the jury to the witness. If the witness was drunk, it must have been apparent to the jury, and the jurors gave due consideration to that fact in weighing his testimony. The

judge saw the witness and knew whether or not he was drunk, and he no doubt, thought the questions were impertinent.  There is nothing in the record to justify a belief that the witness was drunk, and therefore we cannot assume that he was.  It seems to us that this was a poor way to prove that the witness was drunk. If the witness was able to testify upon his condition, his opinion was worth very little, because, if he was sober enough to realize that he was drunk, he was sober enough to testify intelligently.  If he was in fact drunk, his opinion of his condition was worthless.

The second assignment of error is based upon the court admitting evidence relative to a certain razor found at the home of appellant's sister.

We think this evidence was of slight probative value, but we do not think it could have had any weight with the jury, and certainly its admission did not prejudice appellant.

The third assignment of error refers to the testimony of one Sam Lackey, who arrested appellant.

This assignment is without merit.  It is perfectly apparent that the witness related all that was said or done, and it is also clear that what the defendant said to the witness, in response to his inquiries, was entirely free and voluntary.

It is safer for the trial judge to ascertain that confessions obtained from prisoners were made without hope of reward, or fear of punishment, as a condition precedent to the admission of the testimony; but where it is manifest that the witness has told all that was said and all that occurred, and his testimony shows that the statements of the accused were free and voluntary, there is no reason to reject the evidence, because the precise formula was not observed in advance of the admission of the evidence.

The fourth assignment of error is without merit, because it is based upon an erroneous assumption.

The fifth assignment of error is the assignment upon which appellant especially relies.

The evidence shows that a constable searched the clothing of appellant while he was confined in jail awaiting his trial, and found in one of his pockets a letter written by appellant, which was afterwards introduced in evidence. It does not appear that appellant objected to the search of his clothing, but in our opinion it is immaterial whether he objected or not. The letter in question was in the following words:

"Say, listen Maggie, don't you never say I gave you any money when I was at your house, Clemmie and Boy give you what money you have got, state to the court I come to you at 6:30 and stay all night do this.

"[Signed] W. B. P."

The pertinency and damaging effect of this letter is clear. One of the circumstances which connected appellant with the crime was the possession of an unusual amount of money, and the fact, which was afterwards developed, that he had given "Maggie" money. It was evident that he appreciated the seriousness of his gift to Maggie, and yet he was, by this letter, attempting to suborn the witness.

The murdered woman was robbed by her assassin. It was the theory of the state that robbery was the motive for the murder, and the gift of the money to Maggie doubtless had a strong influence on the minds of the jury, and the attempt to induce her to deny the facts was prejudicial in the extreme. It cannot be doubted that the letter was one of the strongest links of the chain of circumstances which was forged by the state to the undoing of appellant.

The leading case, *State* v. *Turner,* reported in 82 Kan. 787, 109 Pac. 654, 32 L. R. A. (N. S.) 772, 136 Am. St. Rep. 129, and the notes thereto, go fully into a discussion of the principles involved in this assignment of error. Briefly stated, the rule is: Evidence against

·one accused of crime is not inadmissible because it has been wrongly obtained.

It may have been wrong for the constable to have searched the prisoner; his conduct may have been reprehensible; but this will not affect the admissibility of ·the letter thus wrongfully obtained.

There is no question of a confession of guilt·in .this case. The defendant, from the beginning to the end, steadfastly and stoutly protested against any form of guilt, and insisted that he knew nothing about the homicide. It is hardly possible to say that defendant made any admissions. of fact—the fact·is, it was his policy to deny every criminating circumstance proven by the state.

A "confession" is a voluntary statement of the accused acknowledging that he is guilty of the crime charged. It is a voluntary declaration of his agency or, participation in the crime. When a person charged .with crime only admits certain facts from which guilt may be inferred, this will not amount to a confession. This distinction between confessions and admission of facts is recognized by this court in *Richburger* v. *State,* 90 Miss. 840, 44 So. 772.

As stated ‚above, the complaint here is that the defendant denied the existence of certain incriminating circumstances, and the state was permitted, over his ·objections, to prove the facts, and also prove that defendant denied their existence.

The vice of appellant's argument is the assumption that confession of guilt and admission of facts from ·which guilt may be inferred are one and the same thing.

It is also argued that the stripping and search of defendant's person· was tantamount to forcing him to testify against himself. If the defendant had been served with a subpoena *duces tecum* requiring him to ·produce the letter in his possession, and in obedience ‚to this writ he had produced it, the state could· not use same as evidence against him.

"The compulsion must be directed to the accused person in the capacity of a witness. In other words, the compulsion must be strictly testimonial." *Turner* v. *State, supra.*

The statement of the rule is distinctly approved in *Wilkinson* v. *State,* 77 Miss. 705, 27 So. 639. In that case defendant produced a knife which was used in evidence against her. She was told that it would be better for her to produce the knife, and, if she did so, nothing would be done with her. The inducement for producing the evidence against her was the promise that she would not be punished for the crime. She did not confess the crime; she simply produced evidence from which the jury may have inferred guilt.

Numerous cases might be cited wherein the evidence was improperly or unlawfully obtained, but was nevertheless admitted as competent against the accused. In the earlier decisions a contrary doctrine was announced, but we think the rule as announced above is now almost universally approved by the courts.

The sixth assignment of error, complaining of the refusal of the court to exclude the testimony of the witness Culpepper, is without merit.

The seventh assignment of error is based upon the alleged error of the court in overruling the following motion, viz.:

"Mr. Cameron: Comes the defendant and moves the court to discharge him, for the reason that the Honorable Jno. L. Buckley, presiding as judge of the tenth circuit court district, occupies said position by virtue of an appointment at the hands of Gov. Earl Brewer of the state of Mississippi, said appointment being illegal and void, in that the appointment was in violation of the Constitution of the state of Mississippi, which made and makes the judges of the several districts elective, and that the said Jno. L. Buckley does not hold nor preside over the proceedings in this cause as *de facto*

judge, for the reason that said appointment was made in violation of the Constitution of the state of Mississippi.''

It is immaterial whether Judge Buckley was a *de facto* or a *de jure* judge; he was certainly the one or the other, and as such he was competent to try this case. His qualifications could not be raised by defendant.

We have carefully considered the points made by appellant mainly because there seems to be some confusion in the minds of the bar in regard to the main contention of appellant.

*Affirmed.*

### ON SUGGESTION OF ERROR.

The original opinion in this case contains this statement:

''We will take up and consider the assignment of errors in the order presented by the briefs of appellant.''

The suggestion of error indicts the court for its failure to perform this self-imposed task. We enter a plea of *nolo contendere,* and will now endeavor to make amends.

It is admitted that seven out of the ten assignments of errors were considered in the former opinion, but it is claimed that the remaining three were entirely ignored.

The neglected assignments are numbered eighth, ninth, and tenth, and are in criticism of three instructions given to the jury at the request of the state, which instructions are here reproduced, viz.:

''The court further charges the jury that, if they believe from the evidence beyond every reasonable doubt that the defendant killed Caroline Watts, then the jury should find the defendant guilty, as charged in the indictment.

''The court instructs the jury for the state that absolute and demonstrative certainty is not required in a

criminal case, and although, in the application of cir-
cumstantial evidence, the utmost care and caution must
be used by the jury, yet circumstantial evidence may
rise so high in the scale of belief as to generate convic-
tion, and convince the mind to the highest degree of
moral certainty and when, after due caution, this result
is reached, and you believe the defendant guilty beyond
a reasonable doubt from the evidence, you are author-
ized to act and to find him guilty.

"The court charges the jury that while it is true that
circumstantial evidence, in order to warrant a convic-
tion, must be of such a character as to exclude every
other reasonable hypothesis, which is consistent with
innocence, yet this means every other reasonable hy-
pothesis arising out of the evidence. It does not mean
that the jury is to conceive of theories evolved from
their inner consciences to account for the evidence
against the defendant which are totally improbable and
fanciful, but it means some theory consistent with the
evidence against him and yet rendering him innocent."

The instructions given to the jury must be read as one
instruction. When so read, if they give to the com-
plaining defendant a fair statement of the law for the
guidance of the jury in determining his guilt or inno-
cence of the charge preferred against him, he cannot
complain. There may be, and not infrequently there is,
an inaccurate or incomplete statement of the rule, if we
only consider the language employed in a single instruc-
tion. This will not be regarded as prejudicial when it
appears that the other instructions, read in connection
with the inaccurate or incomplete instruction, fairly
state the law of the case.

To test the validity of appellant's complaint by the
rule just announced, we here insert the instructions
given at his request, viz.:

"The court instructs the jury for the defendant that
the state in this case, since it relies upon circumstantial

evidence for a conviction, must prove beyond a reasonable doubt that such circumstances as it relies upon really and truthfully existed as it contends, and as testified to by the witnesses, and, in addition to this, such circumstances, taken as a whole, must connect up in such a complete chain as to show beyond a reasonable doubt that defendant is guilty of the crime with which he is charged.

"The court charges you for the defendant that if you have a reasonable doubt, based upon the testimony of the existence and truthfulness of any material and necessary link in the chain of circumstances relied upon in this case for conviction, such that without such link you would not convict, then you should acquit defendant.

"The court further instructs the jury for the defendant that, in the application of circumstantial evidence to the determination of this case, the jury should proceed very carefuly and exercise the utmost caution and vigilance to ascertain the truth and should acquit the defendant unless there is an unbroken chain of testimony which shows truthfully beyond every reasonable doubt that defendant is guilty of killing the old woman in question.

"Human life or liberty is too sacred to be taken on mere suspicion or probability of guilt, and nothing short of proof of guilt from all evidence introduced in the case, beyond every reasonable doubt, will warrant this jury in convicting this defendant of the crime charged in the indictment against him.

"You are further instructed that the defendant is a competent witness in his own behalf the same as any other witness, and, if you have no reason to doubt the veracity of his testimony other than the fact that he is the defendant in the case, then you should believe what he has testified to in the trial, and if what he has testified to on the trial is sufficient, if true, to show that

he is not guilty, and you have a reasonable doubt as to whether it is true or false, then you should acquit him.

"The court charges you further for the defendant that he is presumed by the law to be innocent of the crime charged against him, and this presumption of innocence does not permit of a presumption of guilt; but on the contrary, it requires of you in the outset of the trial and all through same that you make an honest effort to harmonize the entire testimony in the case with this presumption of innocence and, even though you cannot do this, still you will not convict defendant unless, from all the evidence you are convinced beyond a reasonable doubt that defendant is guilty as charged.

"The court further instructs you to acquit defendant if from all the evidence there is a probability that he is not guilty.

"The court instructs the jury for the defendant that, to warrant a conviction in this case, such a state of facts and circumstances must have been shown beyond a reasonable doubt that they are all consistent with the guilt of the defendant, and such as cannot, upon any reasonable theory and hypothesis be true, and the defendant be innocent; and in this case this rule should be applied by the jury to the evidence which is of a circumstantial nature, and if the jury find from the evidence that all the incriminating circumstances upon which the prosecution relies for a conviction will as well apply to some other person or persons as to the defendant, or if such facts and circumstances are reconcilable with any reasonable theory or hypothesis other than the guilt of the defendant, or if such facts and circumstances, together with the direct evidence offered in this case, do not satisfy the minds of the jury beyond a reasonable doubt of the guilt of the defendant, then you should by your verdict acquit him.

"The defendant does not have to prove that he is not guilty, or that he was not there at the time of the homicide or anything about the case, to warrant an acquittal; but the burden of proof is upon the state to convince this jury by competent proof beyond a reasonable doubt that this defendant is guilty as charged."

Theoretically, the jury is presumed to have read and harmonized the instructions of the court. It will be assumed that the jury read the instructions as one instruction, and correctly interpreted their meaning.

So, in this case, if we assume that appellant's criticism of the instructions, given at the request of the state, is sound, this does not by any means end the discussion and necessarily demand a reversal, if it appears that the court has given other instructions that supply the omissions and correct the inaccuracies of the instruction complained of.

In the analysis of instructions, we, of course, must bear in mind that the power of the circuit judge to instruct the jury is circumscribed by the statute. He is forbidden to give instructions at all, unless he is requested in writing to do so. He has no initiative in the premises—the jury can have no aid from the court, unless the parties to the suit elect to write out the instructions and submit them to the court for his approval. The theory of our law seems to be that the presiding judge is incapable of instructing the jury.

It is not for us to say whether or not the legislative department has acted wisely in thus writing the law.

In this case, as in all cases tried in courts of original jurisdiction in this state, the instructions are in theory the instructions of the court; but they are, in fact, the instructions that counsel on both sides of the case have permitted or allowed the court to approve.

This gives wide play to the' strategy and tactics of opposing counsel, but does not always afford a proper guide for trial juries.

When we consider the instructions given in this case, in the light of the Mississippi plan, we find no error of which the appellant can complain. The trial judge within the limitations imposed upon him by the statute committed no error. He did all he was permitted to do to preserve the defendant's rights.    -

It is somewhat difficult to understand how it can be said that the judge erred by omission when he was not permitted to act—and when the statute absolutely prohibits him from acting until he is requested to do so by the parties to the lawsuit.

*Suggestion of error overruled.*