## WINN v. EATHERLY.

(Division A. Dec. 4, 1939.)

[192 So. 431. No. 33915.]

160

Wynn, Hafter & Lake, and **G. Ramsey Russell**, all of Greenville, for appellant.

162

Ernest Kellner, of Greenville, for appellee.

Argued orally by **Albert Lake**, for appellant.

**Smith, C. J.**, delivered the opinion of the court.

This is an action of replevin wherein the appellee was the plaintiff in the court below. The property replevied is a plantation bell; a blacksmith's anvil, drill, and blower; eighty feet of hayrack; and seventy-five iron fence posts. The Judge of the County Court of Washington County, in which the case originated, recused himself, notified the Judge of the County Court of Leflore County thereof, and required him to attend the County Court of Washington County and try the case. The Leflore County Judge thereafter appeared and was met with an objection to his trying the case, the ground thereof being that he was without any legal authority to do so. This objection was overruled and the case proceeded to trial, resulting in a verdict and judgment for the appellee, which was affirmed on appeal to the circuit court. The assignments of error are that the Leflore County Judge erred in trying the case over the appellant's objection; in permitting an amendment by the appellee to the declaration; and in refusing the appellant's request for a directed verdict.

This action of replevin prior to the creation of county courts would have been in the jurisdiction of the circuit court. Consequently, under Section 696, the procedure therein in the county court must be the same that it would have been in the circuit court. Under Section 737, Code of 1930, when a judge of a circuit court is disqualified to try a case pending therein he may give notice thereof to the judge of another district, and require him to attend and try the case. Construing this Section with Section 696 of the Code, it must be read as if the words "county judge" were written therein. But the appellant says that this provision of Section 737 violates Section 165 of the Constitution and is therefore void. It will be unnecessary for us to inquire into this for the reason that

in acting under the provisions of this statute the Leflore County Judge was either a judge de jure or de facto, consequently, his right to try the case cannot be questioned by the litigants therein. Pringle v. State, 108 Miss. 802, 67 So. 455; Bird v. State, 154 Miss. 493, 122 So. 539; 33 C. J. 933.

The controversy grows out of the will of Annie P. Eatherly, deceased. At the time of her death she was and had been for a number of years the owner of a very large plantation. She devised a portion of this plantation to the appellee, and another portion thereof to Annie Hargrave Bridges under a clause of the will providing that "all the residue and remainder of my estate of every kind and description, I devise and bequeath to my granddaughter, Annie Hargrave Bridges."

Long prior to the death of this testator a large plantation bell had been installed on the plantation for use in notifying the plantation hands when to go to and return from work. The bell rested on a wooden stand or frame, and was attached thereto by metal bolts easily removable. This bell, and the other property included in the writ of replevin, was on that portion of the plantation devised to the appellee. When this testator died L. M. Winn was her plantation manager, and after her death, and without the consent of the appellee, under the impression that he had the right so to do, Winn removed this bell and the other property described in the replevin affidavit to the Bridges' property, of which he is now in charge. If this bell and the other property described in the replevin affidavit were so affixed thereto as to become a part of the land, then they became the property of the appellee, under the will. If not so affixed, they were personal property and went to Annie Hargrave Bridges under the residuary clause of the will.

No copy of the will was filed with the declaration and when it was offered in evidence the appellant objected thereto, whereupon the appellee was permitted to amend the declaration by filing a copy of the will as an exhibit

thereto, and a motion by the appellant for the continuance was overruled. The filing of the copy of this will as an exhibit to the appellee's declaration was not necessary for the reason that Sections 526 and 527 have no application to actions in replevin. Quarles v. Hucherson, 139 Miss. 356, 104 So. 148.

The appellant requested, but was refused, an instruction directing "the jury to find for the defendant." If the appellant was not entitled to this instruction as to all of the property replevied, the court below committed no error in refusing it. The plantation bell, under Love v. Union Central Life Ins. Co., 168 Miss. 408, 150 So. 794, and the authorities therein cited, was undoubtedly a fixture, for the reasons therein stated, consequently, the appellant was not entitled to a directed verdict as to it.

Affirmed.