POWELL, et al. *v.* SOWELL, SUBSTITUTED TRUSTEE

No. 42380 October 8, 1962 145 So. 2d 168

*J. A. White,* Durant, for appellants.

*Parham H. Williams, Jr.,* Lexington, for appellee.

LEE, P. J.

A replevin action was instituted in the circuit court by Larry W. Sowell, substituted trustee, against Mr. and Mrs. H. D. Powell. The final judgment ordered the defendants and their sureties to restore to the plaintiff the automobile in controversy or pay to him the amount of $754.63, found by the court as the plaintiff's interest therein. From the judgment entered, the defendant appealed.

The declaration alleged, and the evidence showed, the following: Clark Finance Co., Inc. was a licensed broker, operating under the trade name of Tower Loan Brokers of Canton, Mississippi, and Economy Finance Corporation of Jackson, Mississippi, was a licensed lender.

Mr. and Mrs. H. D. Powell, by their contract in writing, employed and appointed the Tower Loan people to negotiate for and obtain them a loan from Economy to be dated February 24, 1960, and payable in eighteen monthly installments of $56 each. A detailed breakdown of the proposed disbursement of the proceeds of the loan showed the lender's discount and gross advance, the cost of accident, health and life insurance premiums, recording fee, cash to customer and brokerage fee, interest and service charges, the amount designated by the borrowers to pay a previous loan, and the amount of cash to be paid into the hands of the borrowers. The

contract bound the borrowers to pay the broker, for its services, the amount shown in the detailed plan of disbursement, including its guaranty, etc. in connection with the note that they would sign in favor of such lender.

The note to Economy Finance, showing Tower Loan as broker, contained the same details of disbursement as set out in the brokerage contract. Then followed the promise to pay in accordance with the schedule and amounts and purposes as therein above-stated and referred to, with the obligation to pay an attorney's fee of 15% of the principal and interest then unpaid, if not paid promptly, and the same was placed in the hands of an attorney. This instrument was signed by the Powells.

The deed of trust by the Powells to Tower Loan contained the same details for the identification of the loan and the disbursement of its proceeds as set out in the note. It recited that the named broker, by its unconditional guarantee of the makers' note, as therein mentioned, had secured the loan, as therein described; and that the borrowers were anxious to secure the broker from any loss by reason of its guaranty. Consequently, for the consideration therein named, the Powells conveyed and warranted to D. C. McCool, Trustee, the title to the automobile involved in this litigation. If, by reason of its guaranty, the broker should have demand made upon it because of the default or failure of the Powells to pay when and as the indebtedness became due, then the trustee was authorized to sell the property, etc. As stated, this instrument was signed and acknowledged by the Powells, and was duly recorded.

Copies of the brokerage contract, the note, and the deed of trust were attached to the declaration.

The evidence showed that the loan was made and the proceeds were disbursed in accordance with the contract; that the Powells defaulted when a balance of $656.20 remained due; that the Tower Loan people made demand

upon the Powells to pay, but they failed to do so; that demand was then made upon the Tower Loan people by the lender under their guaranty; that Tower Loan made payment; that Economy, in consideration of such payment, endorsed its note without recourse and delivered the same to Tower Loan; and that, demand by the duly substituted trustee for possession of the automobile having been refused, an affidavit for replevin was filed in the circuit court, after the papers had been placed in the hands of an attorney for collection. After execution of the writ, the declaration was filed.

Appellants filed both a demurrer and an answer. Although they urged several grounds as the basis of their demurrer, consideration of only two of these grounds is deemed necessary. In the first place, they say that their obligation in the note is to Economy Finance Company and that the Tower Loan people did not sign or endorse it. Thus they say that there was no guaranty by them; and, under the Statute of Frauds, Sec. 264 (a), Code of 1942, Rec., they could not be required to discharge the obligation.

But they are not privileged to invoke the statute for an adverse party. Peaslee Gaulbert Paint & Varnish Company v. Lumpkin, 238 Miss. 637, 119 So. 2d 772; 49 Am. Jur., Statute of Frauds, Secs. 588 and 592, pp. 896 and 901-902. Besides, Allen v. Smith & Brand, 160 Miss. 303, 133 So. 599, cited by appellants, holds as follows: ''Where a person has received a valuable consideration from either party for the purpose of paying the debt of another, distinct from, and independent of, the original debt, and thereupon promises payment of the original debt, such promise would be an original undertaking, and not within the Statute of Frauds; 'as in the case of being furnished with funds for the purpose of paying the debt'.''

In the second place, they say that the affidavit failed to show a breach of the conditions in the deed of

trust. But actually it was charged that possession of the automobile was wrongfully detained by the Powells, and that the trustee was legally entitled to the immediate possession in order that he might faithfully execute the powers and duties vested in him by the deed of trust and the substitution. This was in accordance with the specifications provided for in Sec. 2841, Code of 1942, Rec. The plaintiff is not required to set forth his muniment of title. The necessary allegations of the statute are ownership and the right of possession. In North v. Delta Chevrolet Co., Inc., 188 Miss. 252, 194 So. 478, neither the conditional sales contract nor a copy was attached to the declaration, but the case held that it was not necessary to make profert of the contract in order to assure admission. Consequently the demurrer was properly overruled.

 ██ The appellants say that it was error to admit the contract of guaranty by the Tower Loan and Economy, Ex. P-1, over their objection. They say that, under Secs. 1469 and 1470 of the Code, profert of this instrument with the declaration was first necessary.

In Quarles v. Hucherson, 139 Miss. 356, 104 So. 148, which was an action of replevin, copies of the note and deed of trust, referred to in the declaration, were not filed therewith, and, for that reason, it was contended that these papers were not admissible in evidence. However, the opinion explained that replevin is an action ex delicto and not ex contractu, and that a writing evidencing the plaintiff's title to the property is not the foundation of the action, but is a mere matter of inducement. Winn v. Eatherly, 187 Miss. 159, 192 So. 431, also held that Secs. 1469 and 1470, supra, have no application to actions in replevin. Obviously, there was no error in the admission of this exhibit.

 ██ The appellants say that Par. IV of Ex. P-1 is nullified by Par. V because the note did not bear the signature of the guarantor. But, by Sec. 8 thereof, it is

provided that "The broker shall by the 10th of each month furnish the lender with a report of notes delinquent 60 days or more past due as of the end of each preceding month, showing the loan number, name of borrower and unpaid balance. With such report the broker shall deliver to the lender a check equal to the aggregate unpaid balance of all such delinquent notes listed on such report. Upon receipt of such report and clearing of said check, the lender agrees to endorse, assign and transfer to the broker all of such delinquent notes paid by broker without recourse." Clearly, there was a guaranty under this paragraph.

■■ The appellants say that Tower Loan had no action for reimbursement from them because of its payment of the note. These facts must be kept in mind: (A) Under the brokerage contract, the Powells agreed to pay Tower $184.09 to negotiate the loan and guarantee it. (B) The note, signed by the Powells to Economy, showed Tower as the broker, for which it would receive a fee of $184.09. (C) The deed of trust from the Powells to Tower recognized and acknowledged the existence of Tower's guaranty; that the Powells were anxious to secure Tower from any loss by reason of its unconditional guaranty; and, if Tower should have demand made upon it to pay by reason of the Powell's default, or suffer any loss therefrom, then the trustee should proceed to satisfy the aggregate indebtedness. (D) The Powells defaulted. (E) On demand of Economy, Tower made payment, and Economy endorsed the note to Tower. Thus, the trustee, on demand, was entitled to possession to carry out the terms of the deed of trust.

■■ According to 38 C. J. S., Guaranty, Sec. 1, p. 1129, "A guaranty is a collateral undertaking by one person to answer for the payment of a debt or the performance of some contract or duty in case of the default of another person who is liable for such payment or performance in the first instance." See also Note

3, 24 Am. Jur., Guaranty, Sec. 2, p. 874, citing Ellis v. Stone, 21 New Mexico 730, 158 P. 480, LRA 1916F, 1228, as follows: "An agreement providing for the payment of notes executed and to be executed by others in the event of the maker's default in payment is a guaranty." But the Powells, by their contract, solicited Tower to guarantee payment of their note, and "where the guaranty was executed at the debtor's request, the debtor is said to have impliedly agreed to reimburse the guarantor." 24 Am. Jur., Guaranty, Sec. 125, at p. 956. See also 38 C. J. S., Guaranty, Sec. 111, p. 1298.

 █ Appellants say, according to the disbursement and work sheet, the gross cash to the customer was $706.23; and that the greatest amount of the charge for service and interest, under Sec. 5591-09 of the Code, could not exceed 2% of the amount of cash received by the borrower, multiplied by the number of months for which the loan is extended, and that 2% of $706.23, so multiplied equals $254.24; but that appellee actually charged them $254.41, which is 17¢ more than is permissible under the statute; and that therefore, the contract of loan, under Sec. 5591-10 of the Code, is void, and the appellee has no right to collect any part of the principal, interest or charges whatever.

But the 2% of the cash received by the borrower multiplied by the number of months for which the loan is extended is the maximum amount that can be charged for *service charges* and *legal rate of interest.* Sec. 5591-09 (b) of the Code. The construction of the words "cash received" by the State Bank Comptroller, as set out in Section A of Regulation VI, is as follows: "On loans of $100 or more 'cash received' by the borrower means the cash proceeds of the loan which are advanced to or on behalf of the borrower and retained by the borrower or his designee." Obviously this is a simple and correct definition of the term.

Now actually the record shows that the broker refunded to the borrowers $39.50 of its brokerage fee; and thus the contention of the appellants falls for that reason because the alleged overcharge of 17 ¢ would simply disappear.

Besides, the provision for the recording fee and the cost of premiums for various kinds of insurance is contained in Sec. 5591-11 of the Code, which is a separate section altogether. Such costs for insurance are fixed by the companies, not by the broker or lender. In cases of accident, ill health or death, such policies would keep alive or retire the indebtedness, as the case might be. When the lender pays such items, at the expense of the borrower, the persons or corporations so paid are unquestionably designees of the borrower.

If the bookkeeping method was in fact inaccurate, the error, if any, was clearly accidental or bona fide, and is protected by Sec. 5591-10 of the Code.

 The note to the lender provided for an attorney's fee of 15%, if placed in the hands of an attorney for collection. Such a provision is neither contrary to public policy nor usurious. Meacham & Company v. Pinson, 60 Miss. 217. This provision of the note applies because the makers failed to pay as they had obligated themselves to do. The broker, as assignee, succeeded to the same rights as the original holder. The fee was earned in the collection of the note. Tedcastle Company v. Garfinkel, 148 Miss. 507, 114 So. 326.

The so-called Small Loan Regulatory Act of 1958, Sec. 5591-01, et seq., Code of 1942, Rec., seems to have been complied with. There is no disposition on the part of the Court to give praise to this legislative effort. It affords the opportunity for the charging of large brokerage fees. As was said by this Court in Early v. Williams, Trustee, Etc., 239 Miss. 320, 123 So. 2d 446: "It seems incredible that any borrower, to get the sum of money which appellants received, would be willing to

incur the stated expenses incident thereto. This is especially true as to the enormous brokerage fee. * * * The Court cannot prevent people, who are in their right mind and under no disability, from making contracts nor rescue them from their folly. Obviously this was an improvident contract that the appellants should not have made. But Chapter 170, Laws of 1958, supra, expressly authorizes contracts such as are found in this case; and a party cannot be penalized as long as he complies with the law.''

Consequently, it follows that the judgment of the court must be affirmed.

Affirmed.

*Kyle, Ethridge, McElroy and Rodgers, JJ.,* concur.

## ON SUGGESTION OF ERROR

McElroy, J.

The points raised in this Suggestion of Error as to the Small Loan Regulatory Act of 1958, were fully gone into in the opinion heretofore entered in this case. We feel that all of the papers signed in this case were all in compliance with Chapter 170, Laws of 1958, the Small Loan Statute. The parties complied with the law.

The Small Loan Statute was further construed recently by this Court in Sherman Hooper, et al. v. Aetna Finance Company of Jackson, No. 42,441.

The Suggestion of Error is therefore overruled.

Suggestion of Error overruled.

*Lee, P. J., and Kyle, Ethridge and Rodgers, JJ.,* concur.