397 P.2d 293

**PEOPLES FINANCE & THRIFT COMPANY OF SALT LAKE CITY, a Utah corporation, Plaintiff and Respondent,**

v.

**Wayne T. BLOMQUIST, Defendant and Appellant.**

**No. 10106.**

Supreme Court of Utah.

Dec. 14, 1964.

1. 119 Utah 50, 224 P.2d 1037.

Ronald C. Barker, Salt Lake City, for appellant.

Draper, Sandack & Saperstein, Salt Lake City, for respondent.

CROCKETT, Justice:

Plaintiff, an industrial loan corporation, sued defendant for $1,245 balance due on a promissory note; to foreclose a chattel mortgage on defendant's automobile; and for attorney's fees as a necessary expense of collection as provided in the note. After suit was filed defendant tendered full payment with interest and costs but refused to pay attorney's fees.

The parties entered into an agreement whereby the plaintiff took the money tendered and released defendant's car, but reserved for determination this issue: whether the covenant to pay the costs of collection in case of default, including a reasonable attorney's fee, in addition to the maximum interest allowed by law, makes the contract usurious. The trial court ruled that it did not and awarded the plaintiff's attorney's fee. Defendant appeals.

The maximum interest of one per cent per month, plus an investigation fee, permitted under the Industrial Loan Act, Section 7–8–3, U.C.A.1953, as amended, (Pocket Supp.1963), is the amount the law entitles the lender to charge for the loan of his money. If the payments are made as agreed, the transaction is complete, and there is nothing usurious about it. Only if the borrower fails to make his payments does it become necessary to enforce collection and incur attorney's fees. It could hardly be considered equitable to permit a borrower to take advantage of his own default and turn an otherwise lawful contract into a usurious one unenforcible against him. In the event the borrower does not abide by his commitment, a contingency arises which brings into operation what might be regarded as a supplemental agreement by which he had undertaken to pay the expenses of enforcing the contract. See Commercial Investment Trust v. Eskew,

126 Misc. 114, 212 N.Y.S. 718; and Powell v. Sowell, 245 Miss. 53, 145 So.2d 168, 146 So.2d 576. Exacting a covenant to take care of such a contingency and to protect the lender against such costs in order to insure that he will get the interest and charges the law allows him as provided in the contract, is not properly characterized as demanding additional interest. See Peyser v. Cole, 11 Or. 39, 4 P. 520; Union Central Life Ins. Co. v. LaFollette, 150 Or. 455, 44 P.2d 165; and Owens v. Conelly, 77 Ariz. 349, 272 P.2d 345.

The context of our statutes relating to interest charges corroborates the foregoing conclusion. The general statute Section 15–1–2, U.C.A.1953 provides for a maximum interest of 10 per cent per annum. In a separate subsection (b) it states that the loan "may provide for reasonable collection costs and for a reasonable attorney's fee in the event of default or delinquency." This seems to indicate plainly that the provision for attorney's fee in case of default is something separate and in addition to the interest provided for. Similar reasoning applies to the provisions in regard to industrial loans. In the same section, 15–1–2, subsection (f) provides: "That industrial loan corporations may contract for and receive interest and charges at the rates * * * [provided for] in chapter 8, Title 7 Utah Code Annotated 1953." The matter of the interest rate permitted being covered in one subdivision of the statute, and the provision authorizing reasonable collection costs and attorney's fees in the other (subsection (b)), it seems only reasonable to suppose that the interest and charges were to be allowed when the loan was paid as agreed; whereas, the collection of the money in case of default would be something else, for which the reasonable costs of collection, including attorney's fees, could be charged. The trial court correctly so ruled.

Affirmed. Costs to plaintiff (respondent).

HENRIOD, C. J., and McDONOUGH, CALLISTER and WADE, JJ., concur.