PATTERSON, Justice:
This case originated in Justice of the Peace Court, First District of George County. Defenbaugh & Company South, Inc., hereafter referred to as Defenbaugh, sued Y. D. Brockway as co-maker on a note executed by Mrs. Edna Welford. Judgment was entered for the plaintiff and Brockway appealed to the Circuit Court. Judgment was again entered for the plaintiff in the amount of $150 plus interest and attorney’s fees, and appellant appeals to this Court.
The transactions which brought about this suit began when Mrs. Welford purchased an automobile from Brockway. In order to finance the purchase she was referred to Dollar Finance Company (now doing business as Defenbaugh & Company South, Inc.). Dollar Finance Company was engaged in the loan brokerage business, its primary function being to serve as a “go-between” for loan companies and customers. As compensation for its services, it was paid a service or brokerage fee. The borrower was required to add this service fee to his note and assume its payment.
Dollar Finance arranged a loan of $465.82 for Mrs. Welford from General Acceptance Corporation. The loan was evidenced by a note signed by Mrs. Welford, as principal, and Brockway as co-signer or accommodation maker, in the sum of $720, payable in twenty-four installments of $30 each. The content of the note was as follows:
$465.82 Cash received by borrower
139.54 Service charge
14.40 Life insurance
21.60 Health and accident insurance
1.50 Recording fee
$642.86 Total amount loaned
77.14 Interest at 6% for 2 years
$720.00 Amount of note
Mrs. Welford made several payments on this note, but finally defaulted with a balance of $150 owing. In the meantime Dollar Finance Company had been taken over by Defenbaugh. General Acceptance Corporation assigned the note in question to Defenbaugh for collection. Thereupon suit was brought in the Justice of the Peace Court against Brockway as co-signer of the note. From an adverse judgment in that court Brockway appealed to Circuit Court where plaintiff was granted a peremptory instruction at the close of all *545 evidence. From this decision he appeals and assigns, among other things, the following as error:
1. Mississippi Code 1942 Annotated section 5591—09(b) (Supp.1964) does not permit the lender, under the Small Loan Regulatory Act, to charge interest on service charges.
2. Mississippi Code 1942 Annotated section 5591-09 (Supp.1964), under paragraph “(d)” thereof, does not provide for the payment of service charges but for interest only under the Small Loan Regulatory Act.
3. The lower court erred in not permitting appellant, accommodation endorser, to show that he had not been furnished a copy of the contract or statement showing the amount, charges and other items required by statute to be furnished by lender.
4. The lower court should not have granted appellee’s motion for a peremptory instruction at the close of all evidence.
The statutes involved in this case were originally enacted by the legislature as Chapter 170, Mississippi Laws of 1958, and are commonly known as the Small Loan Regulatory Act. The sections in question were codified as Mississippi Code 1942 Annotated sections 5591-01 through 5591-20 (Supp.1964). It was recognized by the legislature that the small loan business by its very nature was susceptible to abuses by unscrupulous individuals. See Giles v. Friendly Finance Co. of Biloxi, 185 So.2d 659 (Miss.1966). The Small Loan Regulatory Act was enacted primarily to cope with this “unsavory” condition which existed in the small loan industry at that time. Consumers Credit Corp. of Miss. v. Stanford, 194 So.2d 868 (Miss.1967). Of primary concern in this area was the enactment of a statute which would place some realistic control on the maximum amount of interest and service charge allowable.
In order to accomplish this particular task, sections 5591-09(a) through 5591—09(e) were enacted. For loans under $100 a table was drawn up under section 5591-09(a) showing maximum charges for combined interest and service charges and maximum period of time for which the loan could run based on the amount of money involved. Logically, the following subsection, 5591—09(b), provided for the maximum amount of combined interest and service charges allowable on loans over $100. This section reads as follows:
(b) On loans of one hundred dollars ($100.00) or more the service charges and the legal rate of interest, when combined, shall not exceed an amount equal to two per cent (2%) of the amount of cash received by the borrower multiplied by the number of months for which the loan is extended.
Next, subsection 5591-09(c) provided that an individual could charge either a lower rate of interest or a smaller service charge if he so desired.
The following subsection, 5591—09(d), states that the legal rate of interest, as set out in section 5590, of 6%, applies to loans made under the Small Loan Regulatory Act. It states:
(d) Where loans are made to a borrower, either directly or indirectly, and when such loans are to' be repaid in monthly (or weekly) installments, the lender may charge interest only thereon at the rate of six percent (6%) per annum, or less, for the entire period of the loan and aggregate the principal and interest for the entire period of the loan, and divide the same into monthly (or weekly) installments, and may take security therefor by mortgage, deed of trust, or title, with waiver of exemption, upon and to real estate or personal property or both.
The appellant’s first assignment of error concerns the items in a loan upon which interest may be charged. He agrees *546 that interest can legally be computed on cash actually received by the borrower plus that amount advanced in his behalf, that is, health insurance, life insurance, property insurance, or recording fees. However, he objects to and contends that interest cannot properly be charged by a lender on that part of the loan paid to the loan broker, known as a service charge. It is admitted that such a practice does seem harsh, but it must be noted that it is one which has been specifically approved by this Court in Early v. Williams, 239 Miss. 320, 328, 123 So.2d 446, 449 (1960), where we said:
Under paragraph (d), it was permissible to “aggregate the principal and interest for the entire period of the loan.” The sum of the several items, other than interest, was $1,017.86. Permissible interest on that amount at six per cent, under said paragraph (d), for twenty four months equaled $122.14, the amount of interest actually charged. This complied with the law. * * * (Emphasis ours.)
One of the “several items” above totalled to arrive at the sum upon which interest might be exacted was a service charge.
When an examination is made to determine the reason why interest is computed on the service charge, the court’s reasoning in upholding the practice is apparent. First, the broker is in the business of arranging loans and does not actually lend money. He acts as a factor for the borrower and a loan company. His compensation consists of a “brokerage or service fee.” By definition the charge is not a bonus by the lender to the broker, but is an obligation of the borrower. Miss. Code 1942 Ann. § 5591-02 (3) (Supp.1964). See Hooper v. Aetna Finance Co. of Jackson, 244 Miss. 799, 145 So.2d 907 (1962). The loan company adds this fee in with the total amount which the borrower must pay and advances the fee to the broker at the time of the loan. In other words, what the lender does is to loan the borrower, in addition to the basic amount requested, an amount necessary to pay his broker a service fee. Since the loan company is denied the use of this money until the borrower pays the note, it is our opinion that they are entitled to interest on this portion of the loan.
The appellant’s second assignment of error states that under Mississippi Code 1942 Annotated section 5591-09(d) (Supp.1964) it is not permissible to charge a brokerage fee, but that under this section only interest may be exacted from a borrower. The primary problem with this assignment is that it is based on a false assumption, namely, that section 5591—09(b) exclusively controls all loans payable in a lump sum as opposed to loans repayable in installments which he asserts are controlled exclusively by section 5591-09 (d). This assumption is not supported by our authorities. In Early, supra, and Powell v. Sowell, 245 Miss. 53, 145 So.2d 168, 146 So.2d 576 (1962) it is evident that both sections 5591—09(b) and 5591-09(d) were used to compute the amount of interest due and the amount of service charge. The former, 5591—09(b), was used to figure the maximum charge allowable for combined interest and service charge and the latter, 5591-09 (d), to compute maximum interest. Then the maximum interest allowable (section 5591—09(d)) was subtracted from the maximum combined interest and service charge allowable (section 5591—09 (b)) to determine the maximum service charge allowable. By comparing actual amounts charged and maximum amounts allowable under the subsections of the statute, it was ascertained that no violations of the limitation were involved. From the cases it appears that the statutes are complementary rather than independent of each other as appellant suggests. This idea is further supported by the words of the Court in Giles v. Friendly Finance Co. of Biloxi, 185 So.2d 659, 663 (Miss.1966), when the Court, in discussing various provisions of the Small Loan Act, stated:
Section 5591-09 provided the interest rates and service charges that might he made * * *.
*547 We conclude this assignment is not well taken.
Appellant’s third assignment of error asserts that the lower court should have permitted the defendant to testify that he had not been given a copy of the loan contract or statement, showing the amount of the loan and what charges were made, as required by section 5591-14(a) (1). When this point was raised in the lower, .court, counsel for the appellee objected on the grounds that the loan company was not required by law to give the accommodation maker of the note a copy, but that receipt of such copy was admitted by an acknowledgment signed by the appellant on the bottom of his promissory note. The judge sustained the obj ection on the grounds that the matter had not been pled and therefore no evidence could be put on to prove such point. Appellant contended that the general plea of non-compliance with the statute (Small Loan Regulatory Act) should cover the situation.
In support of this assignment the appellant cites the case of Consumers Credit Corp. of Miss. v. Stanford, 194 So.2d 868 (Miss.1967). This case stands for the general proposition, among other things, that one is not excused from performing duties required by the Small Loan Regulatory Act because he prints, in note form, on the bottom of a contract an acknowledgment by the makers that these acts were performed. While this Court is in complete accord with its statement of law in this case, we are of the opinion that such point was not sufficiently pled here and therefore, the trial court was correct in not allowing testimony on the matter.
The fourth error alleged is the court’s action in granting a peremptory instruction for the plaintiff at the close of all evidence. In view of the applicable law discussed, supra, and the uncontroverted facts, we find no merit in this contention.
In conclusion we repeat the statement by this Court in Powell v. Sowell, 245 Miss. 53, 63, 145 So.2d 168, 172 (1962), “There is no disposition on the part of the Court to give praise to this legislative effort. It affords the opportunity for the charging of large brokerage fees. * * * ” However, we find no cause to depart from our ap-prisal of the situation in Early v. Williams, 239 Miss. 320, 328, 123 So.2d 446, 449 (1960). There we said:
It seems incredible that any borrower, to get the sum of money which appellants received, would be willing to incur the stated expenses incident thereto. This is especially true as to the enormous brokerage fee. * * * The Court cannot prevent people, who are in their right mind and under no disability, from making contracts nor rescue them from their folly. Obviously this was an improvident contract that the appellants should not have made. But Chapter 170, Laws of 1958, supra, expressly authorizes contracts such as are found in this case-; and a party cannot be penalized as long as he complies with the law.
Therefore, since we cannot change the law as enacted by the legislature, we must affirm.
Affirmed.
GILLESPIE, P. J., and RODGERS, BRADY, and SMITH, JJ., concur.