349 So.2d 519 (1977)
Leroy CHANEY and Jo Beth Chaney
v.
GENERAL MOTORS ACCEPTANCE CORPORATION et al.
No. 49501.
Supreme Court of Mississippi.
August 24, 1977.
*520 Laurel G. Weir, Philadelphia, for appellants.
Snow, Covington, Temple & Watts, W. Arlo Temple, Eppes & Shannon, J.R. Shannon, Meridian, for appellees.
Before PATTERSON, C.J., and SUGG and WALKER, JJ.
WALKER, Justice, for the Court:
Leroy Chaney and Jo Beth Chaney brought this action, arising from their purchase of an allegedly defective truck, against General Motors Acceptance Corporation, General Motors Corporation, Nelson Hall Chevrolet, Inc., and Flxible Southern Company in the Chancery Court of Neshoba County. The bill of complaint alleges that the Chaneys purchased a Chevrolet truck from Nelson Hall on or about July 18, 1974. The truck immediately developed a leak, and the Chaneys alleged that "all defendants promised to make such repairs and pay the costs of the damages." In addition to this alleged breach of warranty, a complaint indicates that all the defendants were involved in a complex scheme to defraud the Chaneys, arising from the note they executed to G.M.A.C.:
General Motors Acceptance Corporation advised Leroy Chaney, Jr. that he would not have to pay same unless and until his damages were paid and the vehicle repaired and General Motors Corporation along with General Motors Insurance Corporation advised him not to pay same or make any payments on same because they wanted to make Flexible (sic) Southern Aluminum Corp. pay the damages and would do so before any action would be taken against him and he relied on said promises which were fraudulently made by them.
G.M.A.C. nevertheless filed suit in the Circuit Court of Neshoba County, Mississippi, to repossess the truck, since the Chaneys made no payments on the note. That action resulted in a judgment in favor of G.M.A.C. which was not appealed. The complaint seems to ask for $3,500 in damages, including the cost of repairs to the truck, and the value of certain merchandise allegedly ruined by water seeping in through the leak.
Demurrers by all the defendants were overruled, but a motion asking for a bill of particulars was sustained on July 24, 1975. However, the bill of particulars was not filed until September 2, 1975, the morning of the trial. In their separate answers Flxible Southern, which manufactured the body of the truck, and Nelson Hall denied any breach of warranty to the Chaneys. In the answer by G.M.A.C., it is denied that General Motors had any responsibility for defects in the truck body. All defendants denied the allegations of fraud. Furthermore, Nelson Hall filed a cross-bill attempting to recover a portion of the down payment, consisting of a check for $320 on which the Chaneys had stopped payment. G.M.A.C., in its cross-bill sought to recover a deficiency judgment for the amount due and owing after the repossession and sale of the truck resulting from the proceedings in the circuit court.
After hearing all the evidence, the chancellor attempted to sort out the conflicting claims in his final decree. The court found no liability on the part of General Motors Corporation, and dismissed the Chaneys' bill of complaint as to that defendant. The Chaneys have not appealed that decision. The court held that Nelson Hall was entitled to recover from the Chaneys the $320 remaining due on the down payment. The Chaneys have not assigned this decision as error. However, the court found that Nelson Hall and Flxible Southern had breached their warranty with regard to the truck, and assessed the Chaneys' damages at $1,000. In their cross-appeals, Nelson Hall and Flxible Southern deny that the Chaneys proved any damages at all. In their appeal, the Chaneys contend that the damages awarded by the court were inadequate. At the close of the Chaneys' evidence, the court had dismissed the Chaneys' bill against G.M.A.C., finding no liability. However, in the final decree, the court found the Chaneys liable to G.M.A.C. on its cross-bill in the amount of $2,656.60. In *521 their appeal, the Chaneys deny any liability whatsoever. In its cross-appeal, G.M.A.C. argues that it was entitled to damages in the amount of $4,228.48.
We deal first with the damages awarded against Nelson Hall and Flxible Southern. Those defendants contend that the court erred in overruling their motion to dismiss the Chaneys' original bill of complaint for their failure to answer interrogatories and to supply an adequate bill of particulars. We need not rule on this question, since we have concluded that the evidence presented by the Chaneys fails to establish any damages due from these defendants.
The court found that Nelson Hall, which sold the truck, and Flxible Southern, which manufactured the truck body, had breached a warranty to the Chaneys. Presumably, the court had in mind the implied warranty of merchantability imposed upon all sales of goods by Mississippi Code Annotated section 75-2-314 (1972). There is no need to consider whether the trial court was correct in this ruling, since the evidence established no allowable damages. The measure of damages recoverable for breach of warranty is established by Mississippi Code Annotated section 75-2-714 and -715 (1972). The basic rule is stated in section 75-2-714(2):
The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.
The trial court specifically found that the Chaneys presented no proof as to this difference in value, and we cannot say that he erred. In a proper case, incidental and consequential damages, as provided by Mississippi Code Annotated section 75-2-715 (1972), may be recovered by the buyer. The Chaneys claim consequential damages, as provided by Mississippi Code Annotated section 75-2-715(2)(b) (1972), for damage to cargo carried in the truck. However, the trial court excluded all proof of these damages for failure to specify these allegations in the bill of particulars. The Chaneys have failed to assign this ruling as error, but continue to argue their case as though this evidence were properly before us. It is not, and we cannot hold that the trial court erred in not allowing this item of consequential damages.
The trial court did award consequential damages in the amount of $1,000 because of the repossession of the truck. The opinion of the court states:
There is proof in the record that they suffered a substantial loss by having it repossessed due to the fact that they didn't make the payments pending the repair and the repairs were not performed. This is the basis for which I find these damages.
The Chaneys have not cited to us a single case in which any court has ever awarded such consequential damages because of a breach of warranty. Our research has revealed only one such case, from a trial court in Connecticut, Acme Pump Co. v. National Cash Register Co., 32 Conn. Supp. 69, 337 A.2d 672 (C.P. 1974). In that case, as here, the plaintiff failed to make its payments after discovering a breach of warranty by the seller. The secured party repossessed the goods, and the seller sued the buyer to recover the amount of the subsequent deficiency judgment. The court held:
In this case, the defendant's breach of warranty was the proximate cause of the Granite lawsuit... . It could not have been avoided by any reasonable or prudent effort on the part of the plaintiff. Obviously, it would have been completely unfair to compel the plaintiff to continue payments on a machine which was wholly defective. The plaintiff's resulting default led to the repossession by Granite. (Id. at 76, 337 A.2d at 677).
On the facts presented here, we are not persuaded by the reasoning of the Connecticut court. Our statute allows consequential damages for "injury to ... property proximately resulting from any breach of warranty." Miss. Code Ann. § 75-2-715(2)(b) (1972). It cannot reasonably be *522 said that the repossession proximately resulted from any breach of warranty. There is no evidence that Flxible Southern even knew that the Chaneys were obliged to make payments on the truck. Nelson Hall knew of the financing arrangement, but, although the complaint seems to allege that all defendants agreed that no payments would be made until the car was repaired, there was no evidence presented from which the court could conclude that Nelson Hall was a party to any such agreement. Furthermore, there is no evidence tending to prove that the Chaneys were unable to make the payments because of the alleged breach of warranty. The repossession, and the damage occasioned thereby, proximately resulted from the Chaneys' failure to make payments. Their failure to make payments did not proximately result from the alleged breach of warranty. They could have made payments, but failed to do so. Therefore, the court's award of $1,000 for this item of consequential damages was erroneous and must be reversed.
The second set of issues in this case is presented by the judgment awarded to G.M.A.C.G.M.A.C. contends that the trial court made several errors in ascertaining the amount of the damages. In his opinion, the chancellor began his computation by stating that the financed amount of the car was $4,680.00. An examination of the financing agreement shows that this was clearly error. That figure appears as the unpaid balance of the cash price. However, the amount due and owing on the contract was not the cash price but the deferred payment price, less the amount of the down payment. The deferred payment price was $6,631.72, and the down payment made to Nelson Hall was $520.00. Therefore, the amount due and owing under the financing agreement with G.M.A.C. was $6,111.72. All this is undisputed on the face of the record.
The court also allowed only $300.00 in attorney's fees, instead of the fifteen percent fee called for by the contract. We have held that such a provision is enforceable. Powell v. Sowell, 245 Miss. 53, 63, 145 So.2d 168, 172 (1962). It should have been enforced here. The proper attorney fee of $916.75 should have been awarded.
From this total indebtedness of $7,028.47, the amount of $2,800.00, which was the price received for the truck at the foreclosure sale, ordered by the circuit court, had to be deducted, leaving a total judgment $4,228.47. Eugene Dearman, an employee of G.M.A.C., testified on cross-examination that the truck was currently being offered for resale at a price of $3,600.00, but further testified that substantial amounts of work had been done on the truck since the foreclosure. We cannot conclude that the trial court erred in finding that the reasonable value of the truck at the time of the foreclosure was $2,800.00.
At trial, the Chaneys raised none of the considerations available to them under Mississippi Code Annotated section 75-9-507 (1972). On their appeal, they merely contend that G.M.A.C. was entitled to no judgment because it had been dismissed from the case. The Chaneys evidently misunderstand the effect of the trial court's holding dismissing their bill of complaint as to G.M.A.C., but proceeding to consider G.M.A.C.'s cross-bill against them. G.M.A.C. was very much a party to the lawsuit, and we conclude that it was entitled to judgment in the amount of $4,228.47.
The case is therefore affirmed on direct appeal. On cross-appeal, the cause is reversed and rendered as to the defendants, Nelson Hall and Flxible Southern. As to G.M.A.C., the judgment is affirmed as modified to allow recovery of $4,228.47.
AFFIRMED ON DIRECT APPEAL; ON CROSS-APPEAL, REVERSED AND RENDERED AS TO NELSON HALL AND FLXIBLE SOUTHERN; AS TO G.M.A.C., THE JUDGMENT IS AFFIRMED AS MODIFIED.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, BROOM, LEE and BOWLING, JJ., concur.